IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GUY SEBASTIAN, | ) | CASE NO. 4:18-CV-214 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

Pro se Plaintiff Guy Sebastian ("Sebastian") seeks judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") finding that he was ineligible to receive his Supplemental Security Income ("SSI") benefits from November 2012 through January 2015 because his resources exceeded the statutory limit. Doc. 1, 14. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned Magistrate Judge pursuant to the consent of the parties. Doc. 16.

For the reasons set forth below, the Commissioner's decision is **AFFIRMED**.

## I. History

In November 2014, an Administrative Law Judge (ALJ) found that Sebastian was disabled as of November 21, 2012, the date he filed his SSI application. Tr. 16-22. The basis for his disability was mental impairments due, in part, to his attention deficit hyperactivity disorder ("ADHD"). Tr. 18-20. In December 2014, the Agency informed Sebastian that he did not meet the non-disability requirements to receive SSI because his "resources are worth more than $2,000.00 for November 2012 on." Tr. 23-30. Specifically, the notice explained that Sebastian's

1

"retirement or pension fund" contained $3,507.36, which exceeded the $2,000 resource limit. Tr. 28.

By January 2015, Sebastian had spent funds in his retirement account such that his resources fell below the $2,000 limit, Tr. 77, and in January 2015, the Agency sent Sebastian a notice stating that he was now eligible for SSI as of February 2015. Tr. 33-48.

Sebastian requested reconsideration of the Agency's finding that he was ineligible to receive his SSI payments beginning in November 2012. Tr. 31-32, 49. He argued that he had been unaware he had the retirement fund assets.[1] Tr. 31, 49. The Agency rejected his arguments and denied his reconsideration request the following month, explaining,

> Being unaware of available assets or claiming to be unaware is not a reason SSI should pay them until they become aware. During the filing process there are enough questions asked that it should make the claimant begin thinking of possible resources they may have forgotten about.

Tr. 51. Sebastian requested a hearing before an ALJ. Tr. 54. In October 2015, an ALJ held a hearing and Sebastian, who was represented by counsel, testified. Tr. 78, 80, 103.

In November 2015, the ALJ issued a decision finding that Sebastian's State Teacher's Retirement System of Ohio ("STRS") account contained resources in excess of the statutory limit and, therefore, he was not eligible for SSI from December 2012 through February 2015. Tr. 103-105. The ALJ observed that Sebastian did "not dispute that he had a STRS account worth approximately $3,507.36, which he earned from 2008-2012." Tr. 104 (citing Ex. B10 (Tr. 69-71)). The ALJ rejected Sebastian's argument that the funds contained in the account should not count towards his resource limit because he had no knowledge of the account. Tr. 104. The ALJ further remarked that Sebastian had worked for several years for the Youngstown City

---

[1] 20 C.F.R. 416.1205 provides that a claimant is not eligible to receive social security benefits for any month in which his or her resources exceed $2,000. POMS SI 01110.117, "Unknown Assets," provides that, if an individual is unaware of an asset, the unknown asset is not counted as a resource.

2

Schools as a substitute teacher and received pay stubs and annual W2 forms depicting the deductions and payments into the STRS account, which undermined his argument that he had no knowledge of the account. Tr. 104 (citing Ex. B10 at 3 (Tr. 71)). Because Sebastian had resources in excess of the statutory limit and was not eligible for SSI from December 2012 through February 2015, the ALJ found that he was not entitled to retroactive SSI benefits covering that time period. Tr. 104.

Sebastian, through counsel, requested review of the ALJ's decision by the Appeals Council, arguing that the ALJ's decision was not supported by substantial evidence and that "[i]t is impossible to prove a negative—how can the claimant prove he was unaware of this money, except by his testimony, which is uncontradicted by documentary evidence." Tr. 98-99. In November 2017, the Appeals Council notified Sebastian that it granted his request for review. Tr. 107. The notice informed him that the Appeals Council planned to issue a decision that he had knowledge of the STRS account when he applied for SSI. It explained that the ALJ had not made a determination whether Sebastian had knowledge of the account and advised Sebastian that he could submit additional evidence to support his argument that he lacked knowledge of the account, "such as tax/employment records to indicate that the existence of the STRS account was not made apparent to you." Tr. 108. The Appeals Council shared that the evidence currently in the record supported a finding that Sebastian did have knowledge of his benefits accounts; namely, he had received a document titled "Your Defined Benefit Annual Statement as of June 2014" showing tax-deferred contributions he had made. Tr. 108. The Appeals Council observed that it was likely Sebastian had received earlier annual statements from his STRS account and that his paychecks would have indicated that contributions were being made. Tr. 108.

In December 2017, Sebastian's counsel submitted a letter to the Appeals Council arguing that Sebastian's ADHD "interfered with his ability to appreciate details, such as pay stubs and financial statements. Clearly, he had no concept of what he had." Tr. 114. Sebastian submitted a letter stating that he "struggled with reading information and paying attention to important details" and explained that, because he was not a full-time employee, "no one in human resources adequately explained my job package" as a substitute teacher. Tr. 113.

Shortly thereafter, the Appeals Council issued a decision finding that Sebastian did not meet the non-disability requirements for SSI from December 2012 through February 2015, reiterating that his STRS account contained resources in excess of the statutory limit. Tr. 6-9. It stated that it considered four letters (two from Sebastian, two from his attorney) but found, "the statements in these correspondence letters do not provide a basis for changing the decision" of the ALJ. Tr. 6. It also remarked that counsel had submitted a February 2014 psychiatric evaluation and a December 2017 medical source statement from Brian Sullivan, M.D., but stated that there was no reasonable probability that this evidence, which had not been submitted to the ALJ, would change the outcome of the ALJ's decision and declined to consider or admit the evidence. Tr. 6. It cited Sebastian's June 2014 STRS annual statement reporting that Sebastian's STRS account had a withdrawal value of $3,507.36 and rejected his argument that he was unaware of the account at the time he applied for SSI, emphasizing that "there is evidence in the claimant's record that supports that the claimant would have had knowledge of the STRS account." Tr. 8. Specifically, the Appeals Council observed that Sebastian would have received earlier annual statements and other documentation regarding this account and he should have been aware that funds were withheld from his paychecks to contribute to the account. Tr. 8. The Appeals Council referenced the Agency's policy regarding unknown assets set forth in Program

4

Operations Manual System ("POMS") SI 01110.117, Tr. 7, but concluded that Sebastian's assets were not unknown, rejecting his argument that he lacked knowledge of the account due to his mental health conditions. Tr. 8.

Sebastian, pro se, filed suit in this Court in January 2018. Doc. 1. Because the Appeals Council granted review of his claim and issued a decision, the decision of the Appeals Council is the final decision of the Commissioner. *Sims v. Apfel*, 530 U.S. 103, 106-107 (2000).

## II. Legal Standard

A reviewing court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (quoting *Brainard v. Sec'y of Health & Human Servs.,* 889 F.2d 679, 681 (6th Cir. 1989) (per curiam) (citations omitted)). A court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## III. Analysis

Sebastian does not dispute that he had an STRS account over the statutory limit from December 2012 until January 2015 and that the funds in this account, if counted, render him ineligible for SSI benefits during that time. He asserts that the funds in his STRS account should not be counted because he did not know about the funds. Doc. 14, pp. 1-2. Thus, he is challenging the Appeals Council's finding that he knew of his STRS account when he applied

for SSI in November 2012. Doc. 14, pp. 1-2. He argues that, due to his ADHD, he did not appreciate details like his pay stubs and financial statements. Doc. 14, p. 2.

The Appeals Council notified Sebastian, who was represented by counsel, that it planned to issue a decision finding that he had knowledge of the STRS account when he applied for SSI, shared the record evidence it had in support, and requested additional evidence to the contrary to support Sebastian's argument that he lacked knowledge of the account. Tr. 108. It referenced POMS SI 01110.117, Unknown Assets, which describes the Agency's policy regarding unknown assets and describes examples as follows:

> A. Policy. An individual may be unaware of his or her ownership of an asset. If this is the case, the asset is not a resource during the period in which the individual was unaware of his/her ownership.
>
> B. Procedure—documentation. When an individual alleges having been unaware of his/her ownership of an asset, obtain a statement either signed or recorded on a DROC from the individual. Also obtain any available supporting documentation, including (but not limited to) signed statements from other individuals who are familiar with the individual's situation.
>
> C. Examples.
>
>> 1. As a result of contacting a tax assessor's office, the FO learns that the recipient has an ownership interest in previously unreported property (undeveloped land). The property is co-owned with another individual who has always paid the property taxes. Contacts with the recipient and the other individual confirm the recipient's allegations that he was unaware the original owner of the property had died and, therefore, the recipient never knew that he had inherited an ownership interest.
>>
>> \*   \*   \*
>>
>> 2. While in the hospital, the recipient received a check for $25 as a "get-well" gift from her neighbors. She was unaware of the gift. At the time, her affairs were being managed by her daughter, who put the check in a desk drawer and failed to tell the recipient anything about it.

POMS SI 01110.117.[2]

---

[2] "Although the POMS is a policy and procedure manual that employees of the Department of Health & Human Services use in evaluating Social Security claims and does not have the force and effect of law, it is nevertheless

In support of his assertion that he did not know about his STRS account, Sebastian and his counsel each submitted letters to the Appeals Council stating that Sebastian's ADHD interfered with his ability to appreciate details, such as pay stubs and financial statements, and that no one in the human resource department of the Youngstown City Schools, his employer when he was a substitute teacher, adequately explained his job package. The Appeals Council was not convinced by Sebastian's submitted evidence and concluded that Sebastian's STRS account was not an unknown asset. It reiterated the record evidence: "Your Defined Benefit Annual Statement," a document annually sent to Sebastian detailing not just the amounts in his STRS account but clearly stating that Sebastian had an STRS account in the first place, and the unrebutted presumption that Sebastian's pay stubs showed deductions for this account. This is substantial evidence that supports the Appeals Council's decision. Even if Sebastian could not appreciate "details" of financial documents due to his ADHD, as he alleges, this allegation demonstrates only that he may not have known of the precise amount in his STRS account, not that he was unaware he had an STRS account at all. Moreover, at his initial hearing with the ALJ in October 2014, Sebastian testified that he was taking college courses for which he had taken out financial aid to pay for and that he handled this process himself, and he was not deemed to need a payee for his benefits. Tr. 127.

Finally, Sebastian attaches documents to his brief, but these are not properly before the Court. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (the court's review is limited to the evidence presented to the Agency; a district court can "remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding[,]"

---

persuasive." *Davis v. Sec'y of Health & Human Servs.*, 867 F.2d 336, 340 (6th Cir. 1989) (citing *Evelyn v. Schweiker*, 685 F.2d 351 (9th Cir. 1982)).

quoting *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996)). First, the medical records dated 2012-2014 (Docs. 14-3, 14-5) are not new evidence. Nor are the letters he submitted to the Appeals Council (Doc. 14-6, 14-7, 14-4) or his STRS Financial Statement (Doc. 14-10). Second, a November 2017 medical record listing his medications (Doc. 14-2) and an article from the British Medical Bulletin (Doc. 14-8) could have been submitted to the Appeals Council when it permitted Sebastian to submit evidence in support of his claim, but Sebastian did not submit them. *See Glasco v. Commissioner of Social Sec.*, 645 Fed. App'x 432, 436 (6th Cir. 2016) (alleged new evidence not previously submitted did not warrant a remand; the fact that the petitioner followed up with the agency to provide additional evidence undercut his argument that he was unaware how or whether to provide additional information). Finally, none of the evidence shows there is a reasonable probability that the Appeals Council would have issued a different decision that was favorable to Sebastian if it had the evidence in question.

In sum, the Appeals Council did not err and its decision is supported by substantial evidence; it must, therefore, be affirmed. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (the Commissioner's decision is upheld so long as substantial evidence supports the Agency's conclusion).

## IV. Conclusion

For the reasons set forth herein, the Commissioner's decision is **AFFIRMED.**


Dated: January 28, 2019

*/s/ Kathleen B. Burke*
Kathleen B. Burke
United States Magistrate Judge